Raymond THOMASON, Sr., et al.,
Plaintiffs,

v.

Samuel S. LEITER et al., Defendants.

Civ. A. No. 3197-N.

United States District Court,
M. D. Alabama, N. D.

April 9, 1971.

Frank W. Riggs, III, Montgomery, Ala., for plaintiffs.

Jack Crenshaw and Maultsby Waller, Crenshaw & Waller, Montgomery, Ala., for defendants.

## ORDER

JOHNSON, Chief Judge.

■ This case is now submitted upon the motion of the defendants Leiter, Perez, Sirulnik, Muresan, Robbins and Dillinger, filed herein April 7, 1971, asking this Court to order the plaintiffs to file further answers to certain interrogatories that were propounded by the defendants to plaintiffs on March 3, 1971. The responses that the plaintiffs have made to the defendants' interrogatories to which the motion now under consideration is directed reflect that the basis for plaintiffs' failure to supply the information sought is new Rule 33(c), Federal Rules of Civil Procedure. The amendment to Rule 33(c), effective July 1, 1970, relates to interrogatories seeking to require a party "to engage in burdensome or expensive research into his own business records in order to give an answer." See notes of the Advisory Committee. The Advisory Committee further suggests that this new subdivision to Rule 33 gives the party an

option to make the records available and place the burden of research on the party seeking the information. The theory behind the amendment is to protect against abusive use of Rule 33. However, it is clear that the new amendment is not designed to impose on an interrogating party a mass of records and thereby make the ascertaining of the answers to the questions even more burdensome or expensive on the interrogating party. This seems to be the case here.

■ In several instances, the answers to the defendants' interrogatories would not require the plaintiffs to engage in any burdensome or expensive research into their own business records. Indeed, several of the questions do not call for any research—only a reference to the business records of the plaintiffs. The questions the defendants have propounded, to which the motion presently under consideration refers, do not appear to this Court to be the type of questions that subdivision (c) to Rule 33 pertains. Accordingly, it is the order, judgment and decree of this Court that plaintiffs, within five days from the date of this order, file further answers to interrogatories 10, 19, 24, 25, 26, 27, 29, 44(b), (c), (d), (e), (f), 45, 51(a), (b), 52(a), (b), 53, 54, 58, 60, 70, 72 and 87.

■ The defendants also move this Court for an order to require the plaintiffs to file further answers to other interrogatories on the grounds that plaintiffs' answers are incomplete or evasive. An examination of the questions propounded by the defendants and the plaintiffs' answers thereto reflect that in each instance this is true. Accordingly, it is ordered that the plaintiffs, within five days from the date of this order, file further and unambiguous answers to interrogatories 37, 38, 40, 41, 42, 50, 52(c) and 55.