BUDGET RENT–A–CAR OF MISSOURI, INC., Plaintiff,

v.

HERTZ CORPORATION et al., Defendants.

No. 19,303–4.

United States District Court, W. D. Missouri, W. D.

March 24, 1972.

Max W. Foust and Duke W. Ponick, Jr., of Morris, Foust, Moudy & Beckett, Kansas City, Mo., for plaintiff.

Robert L. Driscoll (Stinson, Mag, Thomson, McEvers & Fizzell), Kansas City, Mo., for defendants.

MEMORANDUM AND ORDER DIRECTING DEFENDANT HERTZ CORPORATION TO PROVIDE FURTHER AND PROPER ANSWERS TO CERTAIN OF PLAINTIFF'S INTERROGATORIES

ELMO B. HUNTER, District Judge.

This matter is presently before the Court upon the motion of plaintiff, pursuant to Rule 37, F.R.Civ.P., to compel defendant Hertz Corporation's further answers to certain interrogatories which were propounded on May 27, 1971. Plaintiff's motion regards its interrogatories numbered 10, 17, 18, 20, 21, 23, 24, 25, 27, 28, 29, 31, and 32. Defendant

has filed suggestions in opposition to this motion to compel.

Interrogatories numbered 10, 17, 19, 20, 21, 23, and 25 primarily seek to identify certain documents of defendant Hertz Corporation or to elicit information contained in defendant's documents. As to each inquiry, defendant desires to invoke the provisions of Rule 33(c), F.R.Civ.P., and provides a similar answer to each interrogatory:

"All documents bearing dates within the relevant period, relating to the negotiations with respect to the on-airport, car rental concession at Kansas City Municipal Airport are available for plaintiff's inspection and copying at the offices of Hertz, 660 Madison Avenue, New York, New York."

It is plaintiff's contention that such answer is insufficient even under the alternative answering procedure established by Subsection (c) of Rule 33, F.R.Civ.P., in that the only response made by defendant is that documents are available. Conversely, defendant Hertz Corporation contends that its broad offer of documents for inspection and copying is a sufficient answer under the Rule.

The express provisions of Rule 33(c), F.R.Civ.P., as amended in 1970, read as follows:

"Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory *to specify* the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to ex-

amine, audit or inspect such records and to make copies, compilations, abstracts or summaries."

■ While this provision is designed to relieve the interrogated party from "burdensome or expensive research into his own business records in order to give an answer," it does not allow that party to "impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." 4A Moore, Federal Practice and Procedure, Advisory Committee Note of 1970 to Amended Rule 33, ¶33.01 [6], p. 33–13 (1971 ed.). Rule 33 cannot, therefore, be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether information is ascertainable from the records which have been tendered. In Re Master Key, 53 F.R.D. 87 (D.Conn.1971); Thomason v. Leiter, 52 F.R.D. 290 (M.D.Ala.1971). And, to properly invoke the provisions of Rule 33(c), the interrogated party must "*specify* the records from which the answer may be derived or ascertained," in addition to giving the interrogating party a reasonable opportunity to examine and copy the records. (emphasis added). Thus, a broad statement that the information sought is ascertainable generally from documents and that those documents are available for inspection is not a sufficient answer under Rule 33(c). Rather, the interrogated party must state specifically and precisely identify *which* documents will provide the information to be elicited. Such specificity is contemplated both by the Rule and by the Manual for Complex and Multi-District Litigation, which expressly envisions first-wave discovery disclosing "the existence, location and custodian of documents," among other things. Accordingly, defendant Hertz Corporation's answers to interrogatories numbered 10, 17, 19, 20, 21, 23 and 25 are not sufficient and defendant is directed to provide further and proper answers to those interrogatories.

■ Plaintiff's interrogatory numbered 28 seeks the disclosure of:

"[W]hether any such [rental car association] or organization held meetings and, if so, give the dates, places and locations thereof and identify all of your representatives who attended each such meeting or meetings and identify all documents prepared and used in connection with or concerning each such meeting."

In response, defendant Hertz Corporation states:

"Hertz believes that CATRALA has in its files documents which set forth the dates, places and locations of meetings held by CATRALA. From time to time, during the relevant period, representatives of Hertz . . . have attended meetings of CATRALA."

A cursory comparison of the answer to the interrogatory propounded reveals that the response is entirely insufficient in that it does not "set forth the dates, places and locations of meetings," defendant's representatives who attended the meetings, or the "documents prepared and used" in connection with those meetings. As stated in 4A Moore, Federal Practice and Procedure ¶33.-25 [1], pp. 22–131 & 132 (1971 ed.), "[t]he answer [to an interrogatory] must be responsive to the question; it should be complete in itself and should not refer . . . to other documents." Thus, because defendant Hertz Corporation's answer to interrogatory numbered 28 is not responsive, it must be further answered. If defendant Hertz Corporation cannot furnish the information and details required, defendant must so state under oath and should set forth in detail the efforts made to obtain the information. 4A Moore, Federal Practice and Procedure ¶ 33.26, p. 33–140 (1971 ed.).

■ Interrogatories numbered 18 and 24, seek the disclosure of "persons with whom you negotiated . . . for each of the on-airport car rental concession agreements" for specified years and the

identification of "each oral communication with any [person] acting on behalf of any other defendant relating to obtaining . . . on-airport rental concessions . . .." In response, defendant has given the names of its own representatives involved in the transactions mentioned in the interrogatories rather than providing the specific information sought. These responses are obviously unresponsive and, for that reason, defendant will be required to more fully answer. See: 4A Moore, *supra*. As previously stated, if defendant cannot furnish the information and details, it must so state under oath, setting forth the efforts made to obtain the information. In view of the similar insufficiency of defendant's answer to interrogatory numbered 31, defendant likewise should provide a further and proper answer to it.

■ Interrogatory numbered 29 asks whether the rental car association to which defendant belongs publishes any written information or other data concerning its activities and the rental car business and seeks identification of those materials. Defendant again desires to invoke Rule 33(c), by stating that it has materials published by the association in its possession and that those materials will be made available to plaintiff. Although Rule 33(c) does provide an alternative method of answering certain types of interrogatories, as previously stated, the Rule requires specificity in designating the documents from which the information sought may be derived. Since interrogatory numbered 29 basically seeks to elicit such specificity in identifying certain documents rather than a compilation of information, this is clearly not a situation in which Rule 33(c) may properly be used. Therefore defendant is directed to answer interrogatory numbered 29 by identifying the materials.

■ As to interrogatory numbered 27, defendant Hertz Corporation has also sought to invoke Rule 33(c), F.R. Civ.P., to answer an inquiry which seeks to discover the names of certain persons involved with the car rental association to which defendant is a member. This interrogatory can be easily answered by defendant by simple reference to material within its possession and patently does not present a situation in which defendant Hertz Corporation is required to "engage in burdensome or expensive research into [its] own business records." 4A Moore, Federal Practice and Procedure, Advisory Committee Note of 1970 to Amended Rules 33, *supra*. Thus, a reference to "the CATRALA Membership Directory" is an insufficient answer to interrogatory numbered 27. Accordingly, defendant is directed to fully answer this interrogatory.

There remains for disposition interrogatory numbered 32. Although defendant's answer to this interrogatory has been limited to the Kansas City, Missouri area, it is sufficiently responsive to the inquiry as regards the present issues of this cause. Therefore, defendant will not be required to further answer interrogatory numbered 32.

For the reasons stated above, defendant Hertz Corporation is directed to provide plaintiff with full and complete answers in accordance with the terms of this order. Defendant may limit its answers to appropriate interrogatories as indicated in this Court's order of December 22, 1971. Defendant's further answers must be provided within 20 days of this date. Failure to comply with the terms of this order will result in the imposition of appropriate sanctions.

It is so ordered.