Barbara **PASCALE**

v.

**G. D. SEARLE & CO.**

**Civ. A. No. 78–0217.**

United States District Court,
D. Rhode Island.

Feb. 18, 1981.

Jay Goodman, Providence, R. I., for plaintiff.

Bradford Gorham, Providence, R. I., for defendant.

PETTINE, Chief Judge.

## MEMORANDUM

Discovery in this products liability case has been stymied for over two years by plaintiff's inability to obtain satisfactory answers to interrogatories. Defendant has steadfastly maintained that it has complied fully with the discovery provisions of the federal rules by making available to plaintiff, in accordance with F.R.Civ.P. 33(c), business records from which answers to the interrogatories can be derived or ascertained.[1] Plaintiff's efforts to compel written responses to the interrogatories have resulted in two orders by the Magistrate. The first of these permitted limited reliance on Rule 33(c), but otherwise directed defendant to supply substantive answers. This Court reviewed that order at defendant's behest and refused to modify it. The second order imposed sanctions for failure to comply with the first order, prohibited further reliance on Rule 33(c), and directed defendant to answer the interrogatories in writing. Defendant now seeks review of this second order, reiterating the claim that under Rule 33(c) its making available pertinent business records is an adequate and proper response to plaintiff's interrogatories. Defendant has also moved to dismiss on the ground that the plaintiff has failed to comply with orders of this Court directing plaintiff to answer certain interrogatories and to supply the names of expert witnesses expected to testify at trial.[2]

After reviewing this entire matter with a view toward expediting the progress of this litigation, *see* F.R.Civ.P. 1, I have made the following determinations. First, because the magistrate's first order is somewhat ambiguous, I cannot sustain the sanctions imposed by his second order. Second, on thorough reflection, I believe that the provisions of Rule 33(c) are not available to defendant in the circumstances presented here, and defendant will therefore be ordered to supply written answers to plaintiff's interrogatories. However, considering the extensive delay already incurred and because defendant's business records are available to plaintiff for inspection, this Court will not welcome further motions to compel more responsive written answers—assuming that defendant's answers reflect a good faith effort to supply the requested information. Finally, defendant's motion to dismiss is denied and discovery is hereby ordered to proceed forthwith in accordance with this opinion.

## Background Facts

Plaintiff Barbara Pascale filed this action on May 3, 1978, alleging personal injuries resulting from her use of an intrauterine device (IUD) called the "Cu–7" which was manufactured and distributed by a subsidiary of defendant G.D. Searle & Co.[3] Pascale is seeking compensatory and punitive damages on theories of negligence, strict liability in tort and breach of warranty. On July 14, 1978, plaintiff propounded 68 interrogatories requesting information concerning Searle's corporate structure, the composition and design of the Cu–7, research and testing that preceded sale of the Cu–7, reaction, comments and criticism of the product from the Food and Drug Administration and the medical community, and the like. Searle replied to these interrogatories on November 30, 1978. It provided complete written responses to approximately 25 of the questions. Defendant's answers to the remaining interrogatories consisted, in whole or in part, of a reference to answer # 7. There, Searle stated that the requested information was contained in

---

1. The text of Rule 33(c) appears on p. 4, *infra.*

2. Also before the Court is plaintiff's motion to vacate an order of July 3, 1980, which established a date for the closing of discovery. In view of my disposition of the other pending matters, *see* text *infra*, the July 3 order is in effect vacated and discovery will close 35 days

from the date that this opinion and order issues.

3. The subsidiary is Searle Pharmaceuticals, Inc. To avoid confusion, I will refer throughout this opinion only to the named defendant, G.D. Searle & Co. or "Searle".

the "New Drug Application" for the Cu–7, a document which was required to be submitted to the Food and Drug Administration (FDA) before the Cu–7 was marketed and which was available for inspection by the plaintiff at Searle's offices in Skokie, Ill. Answer # 7 stated further that there is only one complete copy of the New Drug Application, and that the document contains trade secrets and confidential information and is accordingly kept under lock and key in Skokie. Defendant apparently believed this response was adequate under F.R.Civ.P. 33(c), which provides:

> (c) Option to Produce Business Records. Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries.

On March 25, 1980, plaintiff moved under Rule 37(a) to compel Searle to provide substantive answers to the propounded interrogatories. Plaintiff's contention that defendant could not properly rely on Rule 33(c) was, after thorough briefing, argued before the Magistrate on June 12, 1980. On the same day the following order was entered:

> 1. Plaintiff's Motion to Compel More Responsive Answers to interrogatories is granted in that:
> a. Defendant shall answer all interrogatories propounded by plaintiff which require a substantive answer; and
> b. On interrogatories where the burden of compilation would be equal, de-

fendant may invoke Rule 33(c); however, whenever Rule 33(c) is invoked, Defendant must specify by category and location within sets of paper exactly where the information may be found and where answers may be derived.

On July 11, 1980, defendant appealed the Magistrate's decision to this Court, see 28 U.S.C. § 636(b)(1), requesting that the June 12 order be modified by striking from subparagraph b. the requirement that defendant specify exactly where in the New Drug Application the requested information may be found. Searle argued that the specification requirement was burdensome and oppressive, because pursuant to federal regulations the New Drug Application was thoroughly indexed and accompanied by a detailed table of contents. See 21 C.F.R. § 314.1 et seq. The motion to modify was denied on July 31, 1980.

On August 19, 1980, Searle purported to comply with the Magistrate's Order of June 12 by submitting further answers to 44 interrogatories. Searle provided substantive responses to 6 or 7 of the interrogatories, but with respect to the remainder it again invoked Rule 33(c) and referred plaintiff to the New Drug Application on file in Skokie.

Believing that Searle's further answers reflected a "willful refusal to comply" with the Magistrate's June 12 order, plaintiff on September 16, 1980 moved for a default judgment on all issues of liability, claiming that this sanction was proper under Rule 37(b). After the matter was briefed and argued, the Magistrate on November 3, 1980 entered the following order, which again has provoked defendant to seek review by the court pursuant to the Magistrate's Act, 28 U.S.C. § 636(b)(1):

ORDERED:

1. Plaintiff's Motion for Default Judgment on all Issues of Liability is denied.
2. However, Plaintiff's Motion shall be treated as a Motion to Further Compel and for Sanctions Under Rule 37.
3. The Motion to Further Compel is granted and:

(a) Defendant is denied the use of Rule 33(c) because of the Court's finding of Defendant's unjustified failure to comply with the June 12th Order of this Court.

(b) Defendant shall answer each and every interrogatory propounded by Plaintiff ... Defendant may not invoke Rule 33(c) in any of these answers.

4. The Motion for Sanctions is granted and Defendant shall pay Plaintiff's counsel fee of $330 for preparing and arguing the within Motions, which were necessitated by Defendant's noncompliance with a previous Order of this Court.

*Discussion*

■ Under both the Magistrate's Act and the local rules of this Court, a Magistrate's discovery order can be set aside only if it is found to be "clearly erroneous or contrary to law." *See* 28 U.S.C. § 636(b)(1); D.R.I.R. 32(b)(2). The first question here is whether, under this standard of review, the sanctions imposed by the November 3 order can stand.

■ Although the Magistrate did not explain the basis for his November 3 order in a written opinion, it appears that he imposed sanctions for defendant's supposed noncompliance with that portion of the June 12 order providing that "[o]n interrogatories where the burden of compilation would be equal, defendant may invoke Rule 33(c)." The "burden of compilation" is relevant because under Rule 33(c) making pertinent business records available to an interrogating party is a sufficient response to interrogatories if, but only if, "the burden of deriving or ascertaining the answer [from the records] is substantially the same for the party serving the interrogatory as for the party served." Indeed, whether there is a burden that is substantially the same for both parties is the principal question in determining whether an interrogated party can rely on Rule 33(c). If it is determined that deriving requested information from business records is equally burdensome for both parties, then the interrogated party may properly expect the interrogating party to bear the burden. If the interrogating party would be more burdened, however, then the interrogated party may not rely on Rule 33(c) but must extract the requested information and supply written substantive answers.

■ It is apparent, in light of the above, that the Magistrate's June 12 order is ambiguous. Although the principal issue presented by plaintiff's March 25, 1980 motion to compel further responses was whether the burden of deriving answers from Searle's New Drug Application was substantially the same for both parties, the Magistrate did not decide that issue. Rather, he left to defendant the task of determining "where the burden of compilation would be equal." The June 12 order explicitly states that defendant may invoke Rule 33(c) in responding to interrogatories which *defendant* might find to pose an equal burden of compilation. Consequently, while the overwhelming majority of defendant's further answers relied on Rule 33(c) (by stating that the requested information is contained in the New Drug Application, which is available for inspection by plaintiff), those responses do not necessarily reflect a failure to comply with the June 12 order. It is just as likely that defendant's continued reliance on Rule 33(c) reflected defendant's determination, *in accordance with the June 12 order*, that the burden of deriving answers to most of the interrogatories would be equal. Thus, in imposing sanctions on November 3 the Magistrate acted contrary to F.R.Civ.P. 37(b), which is the governing law. Rule 37(b)(2) provides that "[i]f a party fails to obey [a discovery] order" the court "may make such orders in regard to the failure as are just." Considering the ambiguous nature of the June 12 order, that part of the November 3 order imposing sanctions is not "just"; it is therefore contrary to law, and is hereby vacated.

■ Searle also seeks review of that part of the November 3 order which denied defendant further use of Rule 33(c) "because of the Court's finding of defendant's unjustified failure to comply with the June

12th Order of this Court." Clearly the Magistrate's stated reason for denying further use of Rule 33(c) cannot, for reasons discussed above, be sustained. It must be asked, however, whether the Magistrate's substantive ruling was nevertheless correct. If the Magistrate bases a proper conclusion on improper reasoning, the conclusion itself is not necessarily contrary to law. If the Magistrate's legal conclusion is correct, the Court can supply the proper reasoning.

■ The Magistrate did not make formal findings of fact before issuing his order of November 3, but the opposing memoranda filed pursuant to this appeal detail the pertinent facts surrounding the parties' discovery dispute. Because the material facts do not appear to be contested, and considering that this matter has twice been fully briefed and argued to the Magistrate, I think it is entirely proper to rule at this time on the dispositive legal question presented by Searle's appeal from the Magistrate's order. The question of course, is whether the provisions of Rule 33(c) are available to defendant in the circumstances presented here.

Searle claims that the rule is properly invoked, and that its making available to plaintiff the Cu–7 New Drug Application is a sufficient response to plaintiff's interrogatories, because the burden of deriving answers from the document is substantially the same for both parties. Plaintiff contends, however, that because the New Drug Application is a technical document of voluminous proportions, and because plaintiff's medical expertise is inferior to defendant's, deriving the requested information from the New Drug Application is manifestly more burdensome to plaintiff. To this defendant counters that the New Drug Application is thoroughly indexed and accompanied by a detailed table of contents.

■ It seems to me that both parties have failed to address a critical threshold issue. Before determining whether the burden of deriving information from business records is substantially the same for both parties, the first question under Rule 33(c) is whether there exists a "burden" at

all within the meaning of the rule. An interrogated party can rely on Rule 33(c) only if there is some burden involved in compiling or extracting the requested information, above and beyond the simple task of referring to the records in order to answer the interrogatories. Although I am not aware of any reported decision discussing the precise issue presented here, *but see Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 34–35 (3d Cir. 1979) (no discussion of issue, but deriving information from records was clearly burdensome); *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) (same); *see generally* 4A Moore's Federal Practice par. 33.20, at 99–106, 113–13, this must be the meaning of "burden" in Rule 33(c). Answering interrogatories often requires the interrogated party to refer to written documents, particularly where the party is a corporate entity. If a party could invoke Rule 33(c) in every such case, by claiming that the "burden" of "deriving" the information from the records is substantially the same for both parties, discovery would be thwarted at every turn. Referring to a document in order to answer an interrogatory is not the kind of burden contemplated by the rule.

The Advisory Committee Note that accompanied subdivision (c) of Rule 33 when the subdivision was added by amendment in 1970 supports my interpretation:

> This is a new subdivision ... relating especially to interrogatories which require a party to engage in *burdensome or expensive research into* his own business records in order to give an answer. The subdivision gives the party an option to make the records available and place the *burden of research* on the party who seeks the information. (emphasis supplied).

My interpretation of Rule 33(c) also finds support in Professor Moore's discussion of the subdivision:

> One thing seems clear, and that is that the courts should not dispose of interrogatories on the basis of any broadside generalizations as to "burdensomeness" and "expense". All interrogatories are bur-

densome and expensive to some degree, and the question is just how much burden and expense is justified in the particular case. If the interrogated party has to go into the matter in any event, in order to prepare his own case, there is usually no reason why he should not furnish the information to his adversary; on the other hand a party should not be compelled to prepare his adversary's case for him.

4A Moore's Federal Practice par. 33.20 at 113–14.[4]

█ Rule 33(c) is available, then, only if there is some bona fide burden involved in deriving information from business records, and then only if that burden is substantially the same for both parties. In this case the task of gathering the information requested by plaintiff's interrogatories from the New Drug Application might require equal effort from both parties, but the effort involved is simply not the kind of "burden" contemplated by the rule. By Searle's own representations,

the New Drug Application, together with its supplements and correspondence with the Food and Drug Administration is organized and maintained in the detailed manner called for by Federal Regulations [see 21 C.F.R. § 314.1 et seq.]. The contents of each part of the New Drug Application is specifically set forth in the regulations.

Searle also states that "the various parts of the New Drug Application are separately tabbed and easily identifiable within the New Drug Application." MEMORANDUM IN SUPPORT OF DEFENDANT G.D. SEARLE & CO.'s APPEAL FROM ORDER OF UNITED STATES MAGISTRATE 2–3. In these circumstances, deriving the answers to plaintiff's interrogatories is simply a matter of "looking it up" in the New Drug Application and involves no "burden" within the meaning of Rule 33(c). Moreover, this appears to be a case where "the interrogated party has to go into the matter in any event, in order to prepare his own

case, [and] there is [ ] no reason why he should not furnish the information to his adversary." 4A Moore's Federal Practice, supra, at 113–14. Accordingly, the Magistrate's order denying Searle the use of Rule 33(c) is not contrary to law, and Searle is hereby ordered to provide substantive written answers to each and every interrogatory within 20 days. They must do so in good faith.

█ Good faith compliance means not only that Rule 33(c) cannot be invoked, but in addition that the answers to be provided by Searle be responsive, substantive and detailed enough to constitute a satisfactory answer in the eyes of an impartial reasonable person. I trust that Searle will not test the limits of this directive by persisting in its efforts to deny Pascale meaningful, useful answers to her interrogatories. On that assumption, and in view of the continuing availability of the New Drug Application, plaintiff will bear an extremely heavy burden in any future effort to compel further answers.

█ Defendant's motion to dismiss, based on plaintiff's noncompliance with orders directing the revelation of expert witnesses and other information, is denied. The orders upon which Searle bases this motion have in effect been vacated by later orders extending the period of discovery in this case. Because it is hoped that the order accompanying this opinion will be the last such order, plaintiff is ordered to provide Searle with the information on expert witnesses requested by defendant's interrogatories numbered 68 through 72, and with the further answers to defendant's interrogatories 73 through 78 which were ordered by this Court on November 6, 1980. Plaintiff shall provide this information within 10 days after receipt of Searle's further answers to plaintiff's interrogatories.

Discovery will close when the interrogatory answers and information hereby ordered to be provided are exchanged between the parties, and the case will be

---

4. Further support for my reading of Rule 33(c) is found in a law review article to which the Advisory Committee Note specifically refers.

See Speck, The Use of Discovery in United States District Courts, 60 Yale L.J. 1132, 1150 (1951).

returned to the continuous trial calendar 30 days from the date of the accompanying order.