**Paul D. SABEL, Nan M. Sabel,**

v.

**MEAD JOHNSON AND COMPANY.**

Civ. A. No. 84–3753–W.

United States District Court,
D. Massachusetts.

May 22, 1986.

Neil Sugarman, Sugarman and Sugarman, Boston, Mass., for plaintiffs.

J. Owen Todd, John F. Batter, III, Hale and Dorr, Boston, Mass., for defendant.

MEMORANDUM ON MOTION OF PLAINTIFF, PAUL D. SABEL TO COMPEL ANSWERS TO INTERROGATORIES PURSUANT TO FED.R. CIV.P. 37 (# 15)

ROBERT B. COLLINGS, United States Magistrate.

The question raised by the plaintiff Paul Sabel's motion to compel answers to interrogatories is whether or not the defendant has properly invoked the option provided by Rule 33(c), F.R.Civ.P., in answering certain of the interrogatories which have been propounded to it.

The Complaint alleges that the defendant manufactures a drug known as trazodone which it markets under the name desyrel. The plaintiff Paul Sabel claims that he was given this drug while a patient at Massachusetts General Hospital in 1983 and that as a result of taking the drug, he sustained permanent injuries. Plaintiff Paul Sabel's claims include negligence, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose. Plaintiff Nan Sabel brings a claim for loss of consortium as well as the same claims for breaches of implied warranty as are brought by her husband. Hereinafter, the term "plaintiff" shall refer to the plaintiff Paul D. Sabel.

The defendant first invoked the option provided by Rule 33(c), F.R.Civ.P., in answer to plaintiff's interrogatory # 3(e). The interrogatory and the defendant's answer read as follows:

INTERROGATORY NO. 3

With regard to the "drug" [desyrel], please state:

e. the approximate amount of the "drug" manufactured by the defendant (broken down in the form that it takes, i.e., pill or other dosage unit.

ANSWER TO INTERROGATORY NO. 3

e. ... Mead Johnson states, pursuant to Rule 33(c), F.R.Civ.P., that information, if any, responsive to this interrogatory is contained in the materials comprising the New Drug Application ("NDA") for the product DESYREL, its supplements, and other materials related thereto, and that the burden of deriving on (sic) ascertaining this information is substantially the same for Mead Johnson as for the plaintiffs. The NDA, which is cumulative, continuously updated, and supplemented, chronologically ordered and incompletely indexed currently contains in excess of two hundred twenty (220) volumes, each averaging approximately seven hundred (700) pages in length. It contains materials covering all aspects of DESYREL from the time the product was first developed, through the present time, and contains numerous trade secrets and privileged matter. To the extent that it is relevant to this lawsuit, Mead Johnson is willing to produce its copy of such document for inspection by opposing counsel. Such production would be made, subject to appropriate protective orders and agreements between counsel, at the facilities of the (sic) Mead Johnson in Evansville, Indiana, where said document is maintained pursuant to Federal regulation, during ordinary business hours and upon reasonable notice and arrangement.

The same answer is given to interrogatories seeking information concerning "informative information intended to accompany the drug when sold by the defendant" (interrogatory # 4), the "indications and usage" for the drug during each year that it has been manufactured (interrogatory # 7), the date when the defendant first became

aware of those "indications and usages" (interrogatory # 8), and whether the defendant is aware that taking the drug could cause the results which the plaintiff experienced (interrogatories ## 9 & 10).

Rule 33(c), F.R.Civ.P., as presently constituted, reads as follows:

(c) *Option To Produce Business Records.* Where the answer to an interrogatory may be derived or ascertained from the business party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as can the party served, the records from which the answer may be ascertained.

The last sentence of Rule 33(c) was added in 1980. The Advisory Committee, in explaining the addition, wrote:

The Committee is advised that parties upon whom interrogatories are served have occasionally responded by directing the interrogating party to a mass of business records or by offering to make all of their records available, justifying the response by the option provided by this subdivision. Such practices are an abuse of the option. A party who is permitted by the terms of this subdivision to offer records for inspection in lieu of answering an interrogatory should offer them in a manner that permits the same direct and economical access that is available to the party. If the information sought exists in the form of compilations, abstracts or summaries then available to the responding party, those should be made available to the interrogating par-

ty. The final sentence is added to make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived.

85 F.R.D. 531.

■ Thus, there are several prerequisites to choosing the option provided by Rule 33(c) in order to answer interrogatories. The first is that "... the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ...". Courts have held that the way in which the word "may" is used is not such that it is the equivalent of "might". In other words, the party invoking the option provided by Rule 33(c) may not do so if all which can be said is that the answer "might" be found in the records; the party invoking the option must be able to represent that the party will be able to secure the information which is sought by the interrogatory in the records. As one Court has held:

Rule 33 cannot, therefore, be used as a procedural device for avoiding the duty to give information by shifting the obligation to find out whether information is ascertainable from the records which have been tendered.

*Budget Rent-A-Car Of Missouri, Inc. v. Hertz Corporation,* 55 F.R.D. 354, 357 (W.D.Mo., 1972) citing *In Re: Master Key Antitrust Litigation,* 53 F.R.D. 87 (D.Conn., 1971) and *Thomason v. Leiter,* 52 F.R.D. 290 (M.D.Ala., 1971).

The holding of the case of *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221 (10 Cir., 1976), *cert. denied* 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976) is to the same effect. In that case, the Court wrote:

The party served must specify the records and cannot merely indicate that the information sought may or may not be found in the records made available.

*Id.* at 226 citing *In Re Master Key Antitrust Litigation, supra.*

Under these holdings, the defendant's invocation of Rule 33(c) in the instant case is improper. Stating, as defendant does in responding to the interrogatories, that "...

information, *if any*, responsive to this interrogatory is contained in the materials comprising the New Drug Application ..." is simply not proper under the Rule; a response pursuant to Rule 33(c) must refer to specific documents and state that the information sought can be found therein.

■ The next prerequisite for invoking the Rule 33(c) option is° that there be a burden on the interrogated party if it were required to answer the interrogatories in the traditional manner. This prerequisite, although not explicitly contained in the Rule, is implicit in its provisions. *Pascale v. G.D. Searle & Co.*, 90 F.R.D. 55, 60–61 (D.R.I., 1981); *Thomason v. Leiter, supra*, 52 F.R.D. at 291. In the *Pascale* case, the Court found that the defendant pharmaceutical company's response to interrogatories by invoking the Rule 33(c) option and directing the plaintiff to the New Drug Application was improper since the defendant could easily look up the answers in the New Drug Application. As defendant represented, the various parts of the New Drug Application were "separately tabbed and easily identifiable within the ... Application" and the defendant would have to look up the material in any event to prepare its case. *Pascale, ante*, at 61.

With respect, I believe that the Court's holding in *Pascale* may go a bit far. If, as indicated *supra*, a party must specify the records from which the information sought can be ascertained in order to invoke Rule 33(c), it seems that the reasoning of the *Pascale* case, if carried to its logical extreme, would mean that an interrogating party could argue that since all the interrogated party would have to do to answer the interrogatories is to look up the answer in the records specified, there is no initial burden on the interrogated party which would justify a resort to Rule 33(c). The anomalous result would be that a prerequisite to invoking Rule 33(c) would have the effect of insuring that the option provided by it could never be exercised. However, from a practical point of view, the *Pascale* decision makes sense. If only limited information is sought and the interrogated party can readily answer the interrogatories with reference to its own records, Rule

33(c) should not be invoked. In the instant case, I am of the opinion that the information sought is such that culling the information from the New Drug Application is a sufficient burden that Rule 33(c) may properly be invoked provided the other prerequisites of invoking the Rule exist.

■ The next prerequisite is that the "... burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." I find that the defendant has utterly failed to meet this prerequisite. It is simply absurd to contend that it is equally burdensome for the plaintiff to derive this information from the New Drug Application when the only specification of records given by the defendant is the entire application, which is 154,000 pages in length and which the defendant will make available only at its corporate headquarters in Evansville, Indiana.

However, accepting the defendant's good faith in arguing before this Court that the information could, without substantial difficulty, be culled from the New Drug Application, I ordered the defendant to produce the index to the Application for review of both opposing counsel and the Court. Upon review, I find that the index is not of much help in determining where, in the 154,000 pages of documents, the plaintiff might look to obtain the information sought. In addition, it must be remembered that the defendant's employees generated the documents found in the New Drug Application and are charged with the responsibility of maintaining them. They are clearly better able to extract the information which is needed to answer the interrogatories than is the plaintiff, who has no familiarity with the records. *Al Barnett & Son, Inc. v. Outboard Marine Corp.*, 611 F.2d 32, 35 (3 Cir., 1979). While an interrogated party will always be more familiar with its own records than the interrogating party, familiarity with the records cannot be the sole test. The inquiry is whether the relative burdens are *substantially* the same, not whether they are precisely equal. But where there is a lack of specificity within a great mass of records to which the interrogating party is directed and where

the index is not adequate to direct the interrogating party to the specific documents or categories of documents where answers can be found, the interrogated party's familiarity with its own records can fairly be taken into account in assessing relative burdens.

Lastly, defendant claims that my unpublished opinion in the case of *Petroleum Insurance Agency, Inc., et al. v. Hartford Accident And Indemnity Company, et al.,* C.A. 80–2782–T (Order entered 9/14/83) supports their position. It does not. In that case, I wrote:

> Plaintiff has made no *showing* that the burden of ascertaining the answer is not substantially the same for the interrogating party as for the interrogated party. Once the defendants exercised the Rule 33(c) option, plaintiffs had the burden to show that the burden of deriving or ascertaining the answers is not substantially the same for both parties. *See* 4A *Moore's Federal Practice,* para. 33-25[5], p. 33–142 (2 ed., 1983 rev.) stating the holding of *Daiflon, Inc. v. Allied Chemical Corp.,* 534 F.2d 221, 227 (10 Cir., 1976), *cert. den.* 429 U.S. 886, 97 S.Ct. 239, 50 L.Ed.2d 168 (1976). Plaintiffs' expressions of general discontent with having to obtain discovery pursuant to the provisions of Rule 33(c), F.R. Civ.P., however severe the discontent may be, is not a sufficient *showing* under the law for the Court to deny the defendants the option the rule provides. While it is true that the defendants are more familiar with their records, there has been no showing that the answers of the defendants delineating the records in which answers can be found and how the records are kept are wanting or that the plaintiffs have had difficulty dealing with defendants' records as they have been identified and described. In short, there is no *evidentiary* support for plaintiffs' argument and this distinguishes the instant case from such cases as *Al Barnett v. Westinghouse Electric Corp.,* 611 F.2d 32, 35 (3 Cir., 1979).

*Id.* at pp. 5–6.

In the instant case, the plaintiff has provided the necessary support for his position that the burden on him is greater than the burden on the defendant.

The Court finds that the defendant has failed to meet two of the three prerequisites for the invocation of the option provided by Rule 33(c) of the Federal Rules of Civil Procedure. First, the defendant has failed to specify that the answers to the interrogatories can be found in the application. Second, considering that the plaintiff has been directed to records numbering approximately 154,000 pages with which he, unlike the defendant, is not familiar, and since the records are only available in Evansville, Indiana, the burden of deriving or ascertaining the answers to the interrogatories is not substantially the same for both the plaintiff and the defendant. Defendant's invocation of the option provided by Rule 33(c), F.R.Civ.P., will be stricken and the defendant will be ordered to answer the interrogatories without invoking this option.

An Order will issue.