SELLICK EQUIPMENT LTD., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Consolidated Court No. 91-12-00911

(Dated May 3, 1994)

*Edmund Maciorowski, P.C. (Edmund Maciorowski, Laura J. Hodde),* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(James A. Curley),* for defendant.

## MEMORANDUM OPINION

GOLDBERG, *Judge:* Defendant moves pursuant to Rule 37(a) of the Rules of this court for an order directing plaintiff, Sellick Equipment Limited ("Sellick"), to answer certain interrogatories and to produce documents for inspection and copying. For the reasons that follow, the court grants defendant's motion.

## BACKGROUND

Defendant served Sellick separate interrogatories and requests for production of documents in Court Nos. 91-12-0084 ("Court #843") and

91–12–00911 ("Court #911") on February 22, 1993. The two cases were consolidated under Court No. 91–12–00911 on June 30, 1993.[1]

Sellick filed answers to the interrogatories and produced accompanying documents that were ostensibly for Court #843 on April 8, 1993. Defendant, however, never formally received from Sellick a response to the discovery requests concerning Court #911. On July 14, 1993, the government sent Sellick a letter noting that it had not received a response from Sellick to the discovery sought in Court #911. The letter also pointed out that Sellick's answers to certain interrogatories in Court #843 were unresponsive, incomplete, or otherwise inadequate. The letter also described instances where the government believed Sellick's document production was incomplete or inadequate.

On August 6, 1993, Sellick submitted supplemental answers to defendant's interrogatories. Sellick designated the supplemental answers as responsive to Consolidated Court No. 91–12–00911. Sellick, however, had never submitted a response to the initial interrogatories concerning Court #911. And, even accepting arguendo that Sellick's supplemental answers were intended to be responsive to both Court #911 and Court #843, the government continued to find Sellick's responses to its discovery request for Court #843 to be inadequate and incomplete. Specifically, the government found Sellick's answers to Interrogatories 6, 9, 10, 11, and 14 to be insufficient. Consequently, the government filed the motion to compel that is presently before the court for consideration.

## DISCUSSION

The government argues that it is entitled to an order under USCIT Rule 37(a) compelling Sellick to answer its interrogatories and to produce certain documents for both Court #843 and Court #911. Sellick opposes, contending that it has already fully answered defendant's interrogatories, or objected where appropriate. *Plaintiff's Response To Defendant's Motion For An Order Compelling Plaintiff To Answer Interrogatories And Produce Documents For Inspection And Copying* at 23 *("Sellick Brief")*. Specifically, Sellick argues that its initial responses to the interrogatories to Court #843 were fully responsive to the interrogatories to Court #911. *Sellick Brief* at 7–9. Sellick also argues that it complied with Rule 33(c) and Rule 34(b) the government the opportunity to go to Sellick's place of business and examine the volumes of Sellick's business records. *Sellick Brief* at 10–11, 22. Moreover, Sellick contends it already answered numerous of the government's interrogatories when it submitted its sales brochures and operator's manuals in response to Interrogatory 2. *Sellick Brief* at 11, 16. Sellick also argues that where the government's interrogatories seek a legal conclusion, Sellick is not required to answer such contention interrogatories. *Sel-*

---

[1] This consolidated action concerns the proper classification of various types of forklifts. Customs classified the merchandise under Item 664.10, TSUS, which provides for lifting, handling, loading and unloading machinery. Sellick asserts that the merchandise is properly classified under either Item 692.40 or Item 692.34, TSUS. Item 692.40 provides for off-the-highway types of self-propelled work trucks used in factories, warehouses or transportation terminals. Item 692.34 provides for tractors suitable for agricultural use.

*lick Brief* at 12, 19. Finally, Sellick objects to the government's interrogatories as being overbroad burdensome, and seeking attorney work product. *Sellick Brief* at 16. The court finds all of Sellick's arguments unpersuasive.

The court has discretion in deciding the proper scope and use of discovery. *See, e.g., Carlson Cos. v. Sperry & Hutchinson Co.,* 374 F. Supp. 1080, 1088–89 (D. Minn. 1974). As a general rule, courts prefer to allow a wide scope to the legitimate use of interrogatories in the interest of securing fair trials, eliminating surprise, and achieving substantial justice. *Aktiebolaget Vargos v. Clark,* 8 F.R.D. 635, 636 (D.D.C. 1949). Interrogatories, however, are not to be used as a device to maneuver the adverse party into an unfavorable position. *Id.* In this case, the court must determine whether the government's interrogatories were proper and whether Sellick adequately and satisfactorily answered them.

USCIT Rule 33(b) and Rule 26(b) state that interrogatories may relate to any matter, not privileged, which is relevant to the subject matter involved in the pending action. The concept of relevance for discovery purposes is extremely broad. "'[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *AM Int'l, Inc. v. Eastman Kodak Co.,* 100 F.R.D. 255, 257 (N.D. Ill. 1981) (quoting 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2008, at 46–47 (1970)). The court finds that the government's interrogatories[2] seek information relevant to the issue of the correct tariff classification of the forklifts imported by Sellick, and thus are proper. The court also finds that Sellick's responses are deficient.

## A. *Sellick's Objections to the Government's Interrogatories:*

Sellick argues that the government's interrogatories are overbroad and burdensome, and further singles out Interrogatory No. 6 as seeking attorney work product. *Sellick Brief* at 16. The mere assertion that interrogatories are overly broad, burdensome, oppressive, or irrelevant is not adequate to constitute a successful objection to the interrogatories. *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982). First, Sellick has failed to offer any justification as to why the information sought in Interrogatory No. 6 should be deemed privileged work product. Second, Sellick has failed to make any showing that responding to the government's interrogatories would be burdensome. In fact, Sellick states that "[i]t is no more burdensome for the defendant to review the

---

[2] For both Court #843 and court #911: Interrogatory No. 6 seeks identification of each document containing information relating to the bases of the allegations made in various paragraphs of Sellick's complaint; Interrogatory No. 9 calls for the facts and the supporting documentation on which Sellick bases its contention that the imported merchandise was not correctly classified, as well as each item number under the TSUS that Sellick contends is the correct classification for the subject imports; Interrogatory No. 10 seeks to confirm whether Sellick contends that the merchandise is a car, truck, or bus, and the supporting documentation for this contention, if answered affirmatively; Interrogatory No. 11 seeks identification of Sellick's U.S. competitors that produce merchandise similar to Sellick's imported merchandise; Interrogatory No. 14 calls for the identification of each document that comments on, or relates to, the use of the imported products in a sawmill, nursery, orchard, sod farm, poultry farm, factory, warehouse, or transportation terminal.

records than it is for either Sellick Equipment Limited or its' [sic] counsel." *Sellick Brief* at 11. The court similarly rejects Sellick's bald assertion that the government's interrogatories were, overbroad. Simply because an interrogatory is "somewhat vague and general is not itself justification for refusal to answer * * *." *Pressley v. Boehlke,* 33 F.R.D. 316, 317 (W. D.N.C. 1963). In sum, the court finds that the government's first set of interrogatories do not seek work product, and are not overly broad or burdensome.

Similarly, the court rejects Sellick's objection that the government's interrogatories need not be answered because they are contentious and seek a purely legal conclusion. *Sellick Brief* at 12, 19. First, the government's interrogatories do not seek a purely legal conclusion; rather, they specifically ask for Sellick to provide the *factual* basis for the points alleged in Sellick's complaints.[3] Furthermore inquiries which in part call for the application of law to fact can be most useful in narrowing and sharpening the issues; indeed, this is a major purpose of discovery. *Diversified Prods. Corp. v. Sports Center Co.,* 42 F.R.D. 3, 5 (D. Md. 1967). In sum, the court finds that Sellick's objections to the government's interrogatories are unjustified.

## B. *Insufficiency of Sellick's Response:*

As an initial matter, Sellick never filed an initial response for Court #911, although it did file a response for Court #843. The government notified Sellick that it still awaited responses to the interrogatories for Court #911. Sellick failed to offer even a simple explanation that it intended to Utilize its previously submitted responses for the Court #911 interrogatories. Nevertheless, an examination of Sellick's answers that were designated as responsive to the interrogatories for Court #843 reveals that these answers, at least superficially, correspond to the model numbers listed in the complaint of Court #911. Five models were addressed by Court #911, and two of these models were addressed in Court #843. The court also notes that the interrogatories for #843 are virtually identical to those for #911. Therefore, despite Sellick's failure to answer the government's initial interrogatories for Court #911, and to correct the mislabelled court number of its answers, the court will not require Sellick to duplicate its answers already submitted for Court #843 in order to formally satisfy the government's interrogatories for #911.

More importantly, however, the court concludes that requiring Sellick to resubmit its answers would be meaningless because those answers are utterly unsatisfactory responses to the government's interrogatories. USCIT Rule 37(a)(2) states that an evasive or incomplete answer

---

[3] For example, defendant's interrogatories state in pertinent part:

In regard to the plaintiff's contention that the imported merchandise in issue was not classified correctly, state the following:

    a. *each fact* on which the plaintiff bases its contention,

    b. identity of each document on which the contention is based, * * *.

*Defendant's Interrogatories, In Court #843,* No. 9(a), (b) (emphasis added); Defendant's interrogatory No. 9(a), (b) in Court #911 was phrased identically.

shall be treated the same as a complete failure to answer. This court has held that "[a]n answer to an interrogatory must be responsive and complete in itself, and should not refer to the pleadings, depositions, documents, or other interrogatories." *NEC Am., Inc. v. United States,* 10 CIT 323, 325, 636 F. Supp. 476, 479 (1986). Moreover, a party cannot answer one interrogatory simply by referring to another equally unresponsive answer. *Martin v. Easton Publishing Co.,* 85 F.R.D. 312, 315 (E.D. Pa. 1980). Sellick has provided no legitimate explanation or objection for its failure to adequately respond to the government's interrogatories. Therefore, the court orders Sellick to submit responsive answers to the government's interrogatories for Court #911 in this consolidated action, specifically taking care to fully respond to Interrogatories Nos. 6, 9, 10, and 14.

Sellick argues that it has complied with USCIT Rules 33(c) and 34(b) in responding to the government's interrogatories and requests for production of documents from Sellick's business records. *Sellick Brief* at 10–11. In particular, Sellick responded by stating that "[a]ny additional documents that may be in the possession of Plaintiff will be made available at the office of Sellick Equipment Limited for inspection and/or copying at a mutually convenient date." *Supplemental Answers To Defendant's First Interrogatories Directed To Plaintiff* at 2. Sellick's response is insufficient. A broad statement that the information sought is generally ascertainable from documents, and that those documents are available for inspection, is not a sufficient answer under Rule 33(c) *Budget Rent-A-Car of Mo., Inc. v. Hertz Corp.,* 55 F.R.D. 354 357 (W.D. Mo. 1972) (discussing Fed. R. Civ. P.). It is an abuse of discovery procedures to merely direct the interrogating party to an undifferentiated mass of business records which can be deciphered only by one familiar with the records. *Compagnie Fancaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co.,* 105 F.R.D. 16, 44 (S.D.N.Y. 1984). It is absurd for Sellick to contend that it is equally burdensome for the government to derive the information sought from Sellick's records, when the government has no familiarity with Sellick's records. *See Sabel v. Mead Johnson and Co.,* 110 F.R.D. 553, 556 (D. Mass. 1986). The government would be disadvantaged if it were required to blindly rummage through Sellick's records. The government is entitled to know the factual content of Sellick's claims with a reasonable degree of precision. *Martin,* 85 F.R.D. It 315. Sellick has only marginally cooperated with the government in identifying the relevant factual bases of its allegations[4] and has obstinately refused to produce or to specify the documentation from which the information may be located. Sellick's behavior is simply unacceptable.

Sellick further argues that it adequately responded "to numerous of the [government's] interrogatories by producing and referring to business records produced in response to Interrogatory 2 and Interrogatory

_____

[4] The court notes that Sellick did provide the names and addresses of its U.S. competitors as requested by the government in Interrogatory No 11. *See Sellick Brief,* Exhibit 3.

12. " *Sellick Brief* at 11; *see id.* at 16, 18. Sellick's response to Interrogatory No. 2 refers to operator's manuals and warranties for each model in dispute. Sellick's response to Interrogatory No. 12 refers to Sellick's sales reports based on warranty registration for the period 1988 to 1989. Sellick asserts that the sales brochures describe the merchandise "in some detail." *Sellick Brief* at 17. In this case, the court finds that *some* detail is not *sufficient* detail. Even a cursory examination of the operator's manuals and warranties submitted by Sellick reveals that Sellick's description of the documentation clearly is an inadequate response to the government's discovery requests. Furthermore, Sellick's *Supplemental Answers To Defendant's First Interrogatories Directed To Plaintiff* merely repeat Sellick's objections to the government's interrogatories, and fail to provide any useful information. Sellick has given the government no clue as to where to find the requested information relevant to Sellick's contentions among the voluminous documents already submitted. Sellick apparently fails to recognize that "civil trials in the federal courts no longer need be carried on in the dark." *Hickman v. Taylor,* 329 U.S. 495, 501 (1947) The court, therefore, directs Sellick to be more forthcoming in its responses to the government's interrogatories.

## CONCLUSION

In sum, the court finds no justifiable basis for Sellick's failure to produce documents and failure to adequately answer the government's interrogatories. Thus, for the reason stated above, the court orders Sellick to provide full and complete answers and to produce the documents in accordance with the terms of this court's order. Failure to comply with the terms of this order will result in the imposition of appropriate sanctions.

Pursuant to USCIT Rule 37(a)(3), if the motion to compel discovery is granted, the court, after opportunity for hearing, shall require the losing party to pay the moving party the reasonable expenses incurred in obtaining the order, unless the court finds that the opposition to the motion to compel was substantially justified or that other circumstances make an award of expenses unjust. The operative principle of this rule is that the loser pays. *Foxley Cattle Co. v. Grain Dealers Mut. Ins. Co.,* 142 F.R.D. 677, 679 (S.D. Iowa 1992) (discussing Fed. R. Civ. P. 37(a)(4)); *see* 8 Charles A. Wright & Arthur R. Miller, 7 *Federal Practice and Procedure* § 2288 (1970 & Supp. 1994). "[T]he burden of persuasion is now on the losing party to avoid assessment of expenses and fees rather than, as formerly, on the winning party to obtain such an award." 8 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1288, at 789 (1970). Therefore, the court orders that the government shall have fifteen days from the date of this Order to submit affidavits detailing its expenses incurred in obtaining this Order. The court further provides Sellick fifteen days from the date of this Order to show cause why the government should not be awarded its expenses.