Dimitrios AVRAMIDIS, et al., Plaintiff,

v.

ATLANTIC RICHFIELD COMPANY, et al., Defendants.

Civ. A. No. 85-3972-WD.

United States District Court,
D. Massachusetts.

June 15, 1988.

---

Myles Jacobson, Marc A. Friedman, Thompson, Thompson, Nagel & Jacobson, Springfield, Mass., for plaintiff Vincent Cuttone.

William G. Lowerre, Shell Oil Co. Legal Dept., Houston, Tex., and Stephen J. Brake, Nutter, McClennan & Fish, Boston, Mass., for defendant Shell Oil Co.

## ORDER ON PLAINTIFF VINCENT CUTTONE'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES BY SHELL OIL COMPANY

JOYCE LONDON ALEXANDER,
United States Magistrate.

Plaintiffs, gasoline franchisees, brought this action against defendants, former and current franchisors, under the Petroleum Marketing Practices Act ("PMPA"). Plaintiff Vincent Cuttone's instant motion to compel seeks responses to certain interrogatories, Numbers 1, 2, 8 and 10, propounded to defendant Shell Oil Company. The dispute here is twofold: 1) plaintiff and defendant disagree as to the scope of the relevant geographical market; and 2) plaintiff and defendant disagree as to who shoulders the responsibility, under Fed.R. Civ.P. 33(c), to inspect the many files containing documents and identify those responsive to plaintiff's interrogatories.

### RELEVANT GEOGRAPHICAL MARKET

Under the PMPA, 15 U.S.C. § 2801(16), the term "relevant geographic market area" is defined as "includ[ing] a State or a standard metropolitan statistical area as periodically established by the Office of Management and Budget." Defendant contends that under this section, the Commonwealth of Massachusetts alone constitutes the relevant geographic market in the instant case, and thus plaintiff should be able to obtain the information he seeks as it concerns only other franchisee-dealers operating in Massachusetts. Plaintiff, on the other hand, contends that under the Act, the issue is whether Shell, as Atlantic Richfield's ("ARCO") successor franchisor, offered a franchise to plaintiff which was discriminatory when compared to Shell's existing franchises, and the question should be answered without geographical limitation. *See Memorandum of Plaintiff in Support of Motion to Compel* (# 190), 5, 8. Plaintiff, therefore, asserts that defendant's responses to plaintiff's interrogatories should not be limited to concern only franchisees in Massachusetts, but must provide information within a national scope for Interrogatory Number 1.[1] For Interrogatories Numbers 2 and 10[2], plaintiff seeks information concerning dealers in the New England Retail Marketing District and the Hartford Retail Marketing District since Massachusetts dealers are split and included in either district. There appears to be no dispute that information concerning only Massachusetts dealers is all that is called for in Interrogatory Number 8.[3]

This Court finds that under § 2801(16), the relevant geographic market area consists of both the New England and the Hartford Retail Marketing Districts.

---

1. Interrogatory Number 1 states:
   Identify all pending and concluded lawsuits in which Shell Oil Co. (hereinafter "Shell") is a defendant and in which a claim based on rent charged to a franchisee is made.

2. Interrogatories Numbers 2 and 10 state:
   *Interrogatory Number 2:* For the period from January 1985 to date, state the total number of service stations in the New England Retail Marketing District and the Hartford Retail Marketing District as to which an "adjustment" to the VRP, contract rent or optimum volume was made in accordance with the procedure described in paragraph 13 of the Affidavit of J. William Schutzenhofer, and identify each station, giving its mailing address, the name of the adjustment, the period covered by the franchise, and the reasons for the adjustment.

   *Interrogatory Number 10:* For every Shell station in the New England Retail Marketing District and the Hartford Retail Marketing District during the period from the begining (sic) of the earliest period considered in setting the Plaintiff's contract rents to present, state the following:
   (a) The name and address of the station;
   (b) the name of the franchisee;
   (c) the Contract Rent;
   (d) the number of gallons per month purchased;
   (e) the threshold volume.

3. Interrogatory Number 8 states:
   As to each plaintiff's station, identify the existing Shell dealers deemed to be similar facilities in the same area for purposes of initially computing the Contract Rents initially speci-

The Court so finds because Massachusetts franchisees are located in one of the two districts, thus making district-wide information for both districts relevant to this litigation. Based upon the definition found in § 2801(16), this Court strains to see how information on a national level—considering regional economic distinctions—could be relevant in a case involving only Massachusetts dealers. But given that district lines are drawn through the Commonwealth, this Court also has difficulty in finding that the relevant market should be sliced smaller than the marketing district in which the dealers are found. Accordingly, defendant must provide the sought information as it relates to dealers in both the New England and the Hartford Districts.

*Fed.R.Civ.P. 33(c)*

■ Rule 33(c) provides in relevant part: Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ... and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and or identify, as readily as can the party served, the records from which the answer may be ascertained.

Because many of the interrogatories propounded to defendant can be answered by defendant's production of relevant business records, defendant has elected the Rule 33(c) method of response. The question raised instantly focuses upon whose burden it is—plaintiff's or defendant's—to examine and identify responsive documents. The answer seems clear from a reading of the rule: if the sought answer is equally ascertainable for either party from defendant's records, then defendant may specify the relevant records and make them available for inspection or copying by the discovering party. *See also In re Puerto Rico Electric Power Authority,* 687 F.2d 501, 508 (1st Cir.1982).

Defendant submits that all the pertinent records are housed in its Atlanta offices. According to defendant, there are many file cabinets utilized to store these records. Under Rule 33(c), this Court finds that defendant must specify, in sufficient detail, the records sought by plaintiff, and plaintiff may then go to Atlanta to inspect and/or copy the records.

SO ORDERED.

fied for the plaintiff's stations. [See paragraph 24 of Affidavit of J. William Schutzenhofer dated December 20, 1985 and filed under seal in this action]. As to each such Shell station, state the name and address of the station, the franchisee, the optimum volume and/or contract rent at the time the computation was made, the period of time over which the gallonage history of the station was considered for purposes of computing a cents-per-gallon figure, and the number of gallons sold during each month in that period.