**T.N. TAUBE CORPORATION, d/b/a Data Reduction, Inc., Plaintiff,**

v.

**MARINE MIDLAND MORTGAGE CORPORATION, f/k/a Marine Midland Mortgage Servicing Corporation, Defendant.**

No. C–C–90–162–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

March 27, 1991.

Timothy G. Sellers and Charles E. Lyons, DeLaney & Sellers, P.A., Charlotte, N.C., for plaintiff.

William L. Rikard, Jr. and Ronald L. Cornell, Jr., Parker Poe Adams & Bernstein, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, District Judge.

THIS MATTER is before the Court on Plaintiff's Motion, filed 5 December 1990, for an Order of this Court compelling Defendant to fully answer Plaintiff's first set of interrogatories and for an Order of this Court awarding Plaintiff its reasonable expenses, including attorneys fees, incurred in obtaining compelled discovery as well as sanctions. On 21 December 1990, Defendant filed a response to Plaintiff's Motion.

Subsequently, on 7 January 1991, Defendant filed a Motion for a Protective Order regarding interrogatory 15 of Plaintiff's second set of interrogatories. Further, on 11 January 1991, Defendant filed a Motion to Compel. Plaintiff filed a response to this Motion on 28 January 1991. In the interim, on 10 January 1991, Plaintiff filed a reply to Defendant's response of 21 December 1990. In addition, on 22 January 1991, Plaintiff filed its second Motion to Compel and response to Defendant's Motion for a Protective Order. Finally, on 14 February 1991, the parties, by consent, entered into a Protective Order. This Order pertained to the Motions filed 11 January and 28 January 1991. As such, these Motions are now moot and need not be addressed by the Court. As this brief account demonstrates, discovery in this matter has not proceeded in the cooperative, orderly fashion contemplated by either this Court or the Federal Rules of Civil Procedure.

### Factual Background

Plaintiff, T.N. Taube Corporation, d/b/a Data Reduction, Inc., provides microfilming services to a variety of businesses. In January of 1988, Plaintiff began microfilming loan documents for Defendant. Later, in August of 1988, Plaintiff and Defendant entered into a written contract pertaining to Plaintiff's continued provision of microfilming services to Defendant and Defendant's continued purchase of those services. Plaintiff's complaint asserts that Plaintiff incurred significant costs in order to fulfill its contractual obligations to Defendant. Plaintiff's complaint further asserts that in December of 1989, Defendant notified Plaintiff that it would no longer purchase Plaintiff's microfilming services. As a result, Plaintiff brought this action, alleging that Defendant's conduct constituted breach of contract.

### Plaintiff's Motion to Compel

On 31 May 1990, Plaintiff served its first set of interrogatories on Defendant. On 19 July 1990, Defendant filed with Plaintiff objections to these interrogatories. Given these objections, Plaintiff and Defendant attempted to reach an agreement regarding acceptable terms of discovery. Nonetheless, not until 7 November 1990, did Defendant respond to Plaintiff's interrogatories.

Plaintiff served upon Defendant fourteen interrogatories. Of these, Plaintiff challenges Defendant's answers to the following: 2(c) and (d), 10(a), and 12(a) and (b). Regarding these interrogatories, Plaintiff asserts that Defendant improperly invoked Rule 33(c) of the Federal Rules of Civil Procedure. In pertinent part, that Rule provides:

> **(c) Option to Produce Business Records.** Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served ... and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, compilations, abstracts or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Fed.R.Civ.P. 33(c). Clearly, analysis of Plaintiff's Motion turns upon a proper application of Rule 33(c).

■ As Professor Moore has noted, "Rule 33(c) places the burden of research on the interrogating party and thereby relieves the answering party from preparing a direct response to the interrogatory." 4A Moore's Federal Practice par. 32.25 (2d ed. 1990). However, the Rule's requirements regarding specificity and the burden of production are meant to guard against abuse, and the party served "may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person unfamiliar with them." *Id.; see also* Fed.R.Civ.P. 33(c) advisory committee's note.

Here, Plaintiff seeks information from Defendant regarding microfilming performed for Defendant by other entities or in-house by Defendant. Obviously, this information relates to Defendant's alleged breach of contract. The relevant interrogatories and challenged answers read as follows:

*INTERROGATORY NO. 2:* For each person or entity identified in response to interrogatory no. 1 [1], state:

(c) In detail, the exact nature of all services provided and the charges made therefor during the month or part thereof during which microfilming was provided.

(d) The number of documents that it has microfilmed for you during each month or part of a month during which microfilming was provided.

*ANSWER:* Mortgage Corp. further objects to this interrogatory, including its subparts, on the grounds that it is overly broad and unduly burdensome and that it seeks discovery of information requested in interrogatory no. 1 to which Mortgage Corp. has objected.

Subject to such objections, Mortgage Corp. responds that, as stated in response to interrogatory no. 1, no entity or individual has performed microfilming for Mortgage Corp. Charlotte Branch since on or about April, 1989. To the

extent this interrogatory seeks Mortgage Corp.'s knowledge of microfilming activities by the RMBD [Residential Mortgage Banking Division of Marine Midland Bank] after the Bank's [Marine Midland Bank] decision to terminate Mortgage Corp. Charlotte's Branch's responsibilities for filming loan documents in loan files purchased by the Bank, Mortgage Corp. responds as follows:

(c) The Bank provides no microfilming or microfiching to Mortgage Corp. Both the Bank and ISI [Information Specialists, Inc.] microfilm RMBD filming requirements by reducing an image of various loan documents on to a film reel. ISI charges the Bank for microfilming RMBD filming requirements. Pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, Mortgage Corp. will make documents responsive to this request available to plaintiff for inspection and copying.

(d) The Bank has microfilmed no documents for Mortgage Corp. To the extent documents exist showing the number of documents that the Bank or ISI has microfilmed for the RMBD, since April, 1989, Mortgage Corp. will make documents responsive to this request available to the plaintiff for inspection and copying pursuant to Rule 33(c) of the Federal Rules of Civil Procedure.

*INTERROGATORY NO. 10:* If you have performed any microfilming in-house since August 10, 1988, state:

(a) The number of pages of documents or other printed material you have microfilmed in-house during each month or part thereof since August, 1988.

*ANSWER:* Mortgage Corp. further objects to this interrogatory on the grounds that the term "in-house" is ambiguous, undefined and misleading. Subject to such objections, Mortgage Corp. responds that in an attempt to facilitate DRI's inquiry, and to the extent this interrogatory seeks Mortgage Corp.'s knowledge of the Bank's microfilming

---

1. Plaintiff's first interrogatory reads:
   *INTERROGATORY NO. 1:* Identify each individual or entity who has performed or han-

dled any microfilming for you from April of 1989 to the date of your response to these Interrogatories.

operations in Buffalo, New York, Mortgage Corp. responds as follows:

(a) To the extent the Bank has documents, excluding loan documents, from which this information might be obtained, Mortgage Corp. will make these documents available to the plaintiff for inspection and copying pursuant to Rule 33(c) of the Federal Rules of Civil Procedure. In addition, Mortgage Corp. Charlotte Branch has offered to make available to DRI for inspection all documents it has reflecting the transmittal of loan documents to the Bank.

*INTERROGATORY NO. 12:* For each shipment or transfer of documents or other written material from your Charlotte facility which has been or is to be microfilmed since August 10, 1988, state:

(a) The date on which each shipment or transfer occurred.

(b) The number of pages of documents or printed material shipped or transferred on each occasion.

*ANSWER:* Mortgage Corp. further objects to this interrogatory, including its subparts, on the grounds that it is overly broad and unduly burdensome.

Subject to such objections, Mortgage Corp. responds that:

(a) Mortgage Corp. Charlotte Branch began shipping loan documents from loans that the Bank purchased from Mortgage Corp. on or about December 1989–January 1990 and presently continues to ship such documents. Pursuant to Rule 33(c) of the Federal Rules of Civil Procedure, Mortgage Corp. Charlotte Branch will make documents responsive to this interrogatory available to the plaintiff for inspection and copying at 7415 Pineville–Matthews Road, Charlotte, North Carolina 28226 at a time mutually convenient to both parties.

(b) To the extent the Bank has documents, excluding loan documents, from which this information may be obtained, Mortgage Corp. will make these documents available to the plaintiff for inspection and copying pursuant to Rule 33(c) of the Federal Rules of Civil Procedure. In addition, Mortgage Corp. Char-

lotte Branch has offered to make available to DRI for inspection all documents it has reflecting the transmittal of loan documents to the Bank.

Defendant's Response to Plaintiff's First Set of Interrogatories. The Court's inquiry, then, must focus on the propriety of Defendant's reliance on Rule 33(c) in each of these answers. To conduct that inquiry, the Court must consider the plain requirements of Rule 33(c).

*1. Burden of Production under Rule 33(c)*

Where the interrogating party asserts that the answering party has improperly invoked Rule 33(c), the interrogating party must demonstrate "that the burden of deriving or ascertaining the answers is not substantially the same for both parties." 4A Moore's Federal Practice par. 33.25 (2d ed. 1990). The trial court's determination of the respective burdens of the parties will not be disturbed unless clearly erroneous. *Id.* Here, Plaintiff argues that the burden of deriving the requested information is substantially less for Defendant than for Plaintiff.

Plaintiff's argument regarding Defendant's burden is twofold. First, Plaintiff asserts that Defendant in fact bears no burden at all. Second, Plaintiff asserts that, assuming Defendant does bear some burden, that burden is substantially less than that required of Plaintiff to produce the same information.

"An interrogated party can rely on Rule 33(c) only if there is some burden involved in compiling or extracting the requested information, above and beyond the simple task of referring to the records in order to answer the interrogatories." *Pascale v. G.D. Searle & Co.,* 90 F.R.D. 55, 60 (D.R.I. 1981). In *Pascale,* the interrogated party, defendant G.D. Searle & Co., repeatedly directed plaintiff to defendant's New Drug Application for an intrauterine device as the source of answers to plaintiff's interrogatories. The court there found that because the New Drug Application was organized in an extremely functional manner there simply was no burden of ascertaining

or deriving information as that term is used in Rule 33(c). Given this lack of burden, the court ruled that Rule 33(c) could not be invoked. *Id.* at 61.

As in *Pascale*, Plaintiff argues that any "burden" here is "simply a matter of referring to records to answer the interrogatories." *Id.* at 60. In contrast, Defendant asserts that answering the relevant interrogatories would require a massive commitment of money and time, involving far more than simply "referring to records." In contrast to the New Drug Application in *Pascale*, Defendant's information here appears to consist of many separate documents relating to different aspects of Defendant's operations. In *Pascale*, the interrogated party merely had to refer to a single, well-organized document. The Court has considered carefully the arguments of the parties. Having done so, the Court finds that there is a significant burden involved in deriving or ascertaining the information needed to answer Plaintiff's interrogatories. As such, Plaintiff's argument that Defendant would bear no burden in answering Plaintiff's interrogatories is without merit.

Next, Plaintiff argues that even if Defendant bears some burden, that burden is significantly less than that Plaintiff would bear should Plaintiff be forced to comb Defendant's records in search of the requested information. Therefore, Plaintiff argues, Defendant may not properly invoke Rule 33(c).

■ The plain language of Rule 33(c) provides that the rule is inapplicable unless the "burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." Fed.R.Civ.P. 33(c); *see also* 4A Moore's Federal Practice par. 33.25 (2d ed. 1990) ("an offer to produce business records is not an acceptable alternative to answering interrogatories where the information is not as accessible to the requesting party as to the answering party and the burden of ascertaining the answers is substantially greater on the requesting party"). An important—often key—factor in weighing the respective burdens on the parties is the interrogated party's familiarity with its own documents. 4A Moores Federal Practice par. 33.25. Courts have also considered the cost of necessary research and the nature of the records. *Id.*

Defendant has estimated that to answer the relevant interrogatories would require several individuals working for one year at a cost of nearly $900,000.00. Plaintiff suggests this estimate is exaggerated, but offers no estimate of its own. Rather, Plaintiff argues that while Defendant's asserted costs of production would be great, the cost to Plaintiff would undoubtedly be higher, given Defendant's possession of and ready familiarity with its records.

To weigh the respective burdens of the parties, the Court has considered three factors: cost of the necessary research, nature of the relevant records, and Defendant's familiarity with its own records. As to the first factor, the Court cannot state with accuracy the cost—to either party—of ascertaining or deriving the requested information. The very fact of this dispute, however, suggests it will be an expensive undertaking. As will be discussed in more detail below, it appears to the Court that Defendant could produce the requested information at a lower cost than could Plaintiff.

The records offered by Defendant pursuant to Rule 33(c) consist of microfilmed or microfiched loan documents, numbering in the tens of thousands. Given that Plaintiff is in the microfilming business, Plaintiff should have the equipment and knowledge needed to review these records. However, this is not to say that it is feasible for Plaintiff to do so. Research of the type contemplated by Plaintiff's interrogatories involves more than mere technical knowledge; it also requires knowledge regarding the organization of Defendant's records and the location, within those records, of relevant documents. This, then, brings us to the third factor: Defendant's familiarity with its own records.

Defendant estimates that answering Plaintiff's interrogatories will require review of tens of thousands of documents. If this estimate is accepted as accurate, it

becomes clear that Defendant's familiarity with its own records is the critical factor to be considered by the Court. *See Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp.*, 108 F.R.D. 304, 308 (D.P.R.1985). "A respondent may not impose on an interrogating party a mass of records as to which research is *feasible* only for one familiar with the records." Fed.R.Civ.P. 33(c) advisory committee's note (emphasis added). It simply is not feasible to expect Plaintiff to wade through a mass of documents in a vain attempt to locate relevant information. Nevertheless, this is apparently just what Defendant wants the Court to require of Plaintiff. On 1 October 1990, Defendant provided Plaintiff with documents from which the answer to Plaintiff's interrogatory 12(a) could be obtained. The documents, numbered M0000001 to M0000789, were in no apparent order, nor were specific documents identified as being responsive to interrogatory 12(a). Not until 21 December 1990, in its *response to* Plaintiff's Motion to Compel, did Defendant specifically identify the relevant documents. It is beyond the Court's capacity for imagination to bring this conduct within the provisions of Rule 33(c).

Moreover, cases cited by Defendant in support of its position are inapposite. In those cases, the courts expressly noted that the respective burdens of the parties were substantially equal. *See e.g., Avramidis v. Atlantic Richfield Co.*, 120 F.R.D. 450, 452 (D.Mass.1988) ("if the sought answer is *equally ascertainable* for either party then [Rule 33(c) applies]") (emphasis added). Here, the obstacles faced by Plaintiff are substantially greater than those faced by Defendant. It is evident Defendant's familiarity with its records and methods of organization will facilitate the necessary review of those records in ways unavailable to Plaintiff. As such, it is equally evident that the respective burdens of the parties are not substantially the same.

*2. Specificity*

In addition to requiring that the burden of deriving or ascertaining the answer to an interrogatory be substantially the same for the parties, Rule 33(c) also requires the interrogated party to specify the records from which the information may be derived or ascertained. Fed.R.Civ.P. 33(c); 4A Moore's Federal Practice par. 33.25 (2d ed. 1990). The express language of the rule requires that the specification "shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained." Fed.R.Civ.P. 33(c).

In plain contravention of Rule 33(c), Defendant here has failed to specify to Plaintiff which of its documents are relevant or are responsive to given interrogatories. Rather, Defendant has repeatedly offered only to make unspecified documents available for inspection and copying. The final sentence of Rule 33(c) is meant to "make it clear that a responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived." *American Rockwool v. Owens–Corning Fiberglas Corp.* 109 F.R.D. 263, 266 (E.D.N.C.1985) (quoting Fed.R.Civ.P. 33(c) advisory committee's note). As such, "directing the opposing party to an undifferentiated mass of records is not a suitable response to a legitimate request for discovery." *Id.; see also Blake Associates, Inc. v. Omni Spectra, Inc.*, 118 F.R.D. 283, 289 (D.Mass.1988) (reply that party will make available "documents responsive to this interrogatory" is "patently insufficient" under Rule 33(c)). As noted earlier, Defendant apparently intends to direct Plaintiff to an "undifferentiated mass of records" in response to Plaintiff's interrogatories. Such a response would clearly contravene the express commands of Rule 33(c) and would be decidedly improper.

### Rule 33(c) Summary

The Court finds that Defendant improperly invoked Rule 33(c) in response to Plaintiff's interrogatories 2(c) and (d), 10(a), and 12(a) and (b). Rule 33(c) is inapplicable here because Defendant cannot or did not meet that rule's requirements regarding specificity and the burden of deriving or

ascertaining answers to interrogatories.[2] Accordingly, Defendant's responses to the contested interrogatories are insufficient and must be expanded as the Court orders.

### Defendant's Motion for a Protective Order

■ On 7 January 1991, Defendant filed a Motion for a Protective Order regarding interrogatory 15 of Plaintiff's second set of interrogatories. On 22 January 1991, Plaintiff filed its second Motion to Compel and response to Defendant's Motion for a Protective Order.

As the Court has previously noted, on 1 October 1990, Defendant provided Plaintiff with numerous documents in response to Plaintiff's Request for Production of Documents. The documents, numbered M0000001 to M0000789, were in no apparent order and were not labeled as responsive to any particular request. Subsequently, on 5 December 1990, Plaintiff served upon Defendant a second set of interrogatories. Included among these was interrogatory 15 and its subparts. This interrogatory requested Defendant to state which documents provided on 1 October 1990 were in response to specific, numbered requests for production made by Plaintiff.[3]

In its Motion for a Protective Order, Defendant argues that the contested interrogatory is overly broad, harassing, and burdensome. Moreover, Defendant asserts that answering the interrogatory would require disclosure of defense counsel's mental impressions and conclusions. Finally, Defendant asserts that its production of the relevant documents was in full conformity to Rule 34(b) of the Federal Rules of Civil Procedure, which provides that documents may be produced as "kept in the usual course of business." Fed.R.Civ.P. 34(b).

In response, Plaintiff asserts that the documents were produced in a box in no discernable order. As such, Plaintiff argues it is very doubtful the documents were produced as kept in the usual course of business. Plaintiff further asserts that the interrogatory merely requests that the Defendant match specific documents to specific requests for production.

Rule 34(b) of the Federal Rules of Civil Procedure provides in pertinent part: "[a] party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request." *Id.* Here, Defendant obviously has the ability to inform Plaintiff which of the produced documents respond to particular requests for production. As noted earlier, Defendant has informed Plaintiff that certain of the documents are responsive to interrogatory 12(a) of Plaintiff's first set of interrogatories.

The Court doubts very much whether Defendant complied with the command of Rule 34(b) that documents be produced as kept in the usual course of business. It is certainly improbable that Marine Midland routinely haphazardly stores documents in a cardboard box. As such, the Court believes the purposes of discovery, and basic considerations of fairness, require Defendant to organize the documents produced on 1 October 1990 in a manner clearly indicating which of these documents respond to Plaintiff's specific requests for production. By doing so, Defendant will comply with Rule 34(c).

### Plaintiff's Motion for Reasonable Expenses and Sanctions

■ Rule 37 of the Federal Rules of Civil Procedure provides in pertinent part:

---

**2.** Defendant argues that counsel for Plaintiff and Defendant agreed to Defendant's use of Rule 33(c) in response to the contested interrogatories. The Court has reviewed the correspondence cited in support of this assertion, and finds that no such agreement is evinced by the contents of those letters.

**3.** Interrogatory 15 reads: In Plaintiff's First Set of Interrogatories and Request for Production of Documents, plaintiff poised eight requests for production to defendant. In response, defendant produced a stack of documents stamped with page numbers M0000001 through M0000789. By page number, state which documents were provided in response to [subparts relating to specific requests for production].

If the motion [to compel discovery] is granted, the court shall ... require the party ... whose conduct necessitated the motion ... to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4). In a similar fashion, Rule 37(d) provides for sanctions in certain circumstances where a party has improperly failed to answer interrogatories. The decision to grant expenses or order sanctions is within the sound discretion of the court. *See* 4A Moore's Federal Practice par. 37.02 (2d ed. 1990).

Here, the Court believes an award of expenses or the ordering of sanctions is not warranted. Although the Court has determined that Defendant failed to comply with the provisions of Rule 33(c), the question is not so clear as to render Defendant's opposition substantially unjustified. As such, an award of expenses or order of sanctions would be unjust. However, the Court warns Defendant that should Defendant continue to thwart Plaintiff's legitimate discovery attempts, the Court will not hesitate to award Plaintiff expenses and order appropriate sanctions.

### Conclusion

Defendant has improperly invoked Rule 33(c) of the Federal Rules of Civil Procedure in response to certain of Plaintiff's interrogatories. Accordingly, the Court will order Defendant to respond in a timely and appropriate manner to these interrogatories. In addition, Defendant sought a Protective Order regarding interrogatory 15 of Plaintiff's second set of interrogatories. The Court has determined that Plaintiff's interrogatory is proper and that Defendant improperly relied on Rule 34(b). Therefore, Defendant's requested Protective Order is unwarranted and will not be issued.

NOW, THEREFORE, IT IS ORDERED that:

1. Plaintiff's Motion for an Order Compelling Defendant to fully answer Plaintiff's First Set of Interrogatories be, and hereby is, GRANTED;

2. Plaintiff's Motion for an Order Awarding Plaintiff its Reasonable Expenses and Imposing Sanctions be, and hereby is, DENIED;

3. Plaintiff's Motion for an Order Compelling Defendant to fully answer Plaintiff's Second Set of Interrogatories be, and hereby is, GRANTED;

4. Plaintiff's Second Motion for an Order Awarding Plaintiff its Reasonable Expenses and Imposing Sanctions be, and hereby is, DENIED; and

5. Defendant's Motion for a Protective Order Relieving Defendant from Responding to Plaintiff's Interrogatory 15 be, and hereby is, DENIED.