HERDLEIN TECHNOLOGIES, INC., Plaintiff,

v.

CENTURY CONTRACTORS, INC., Defendant.

CENTURY CONTRACTORS, INC., Plaintiff,

v.

HERDLEIN TECHNOLOGIES, INC., and Wallace Herdlein & Assoc., Inc., Defendants.

Nos. 3:92CV77–P, C–C–91–428–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 18, 1993.

Steele B. Windle, III, John Paul Higgins, Johnston Taylor Allison & Hord, Charlotte, NC, Joseph A. Katarincic, Michael G. Bock, Katarincic & Salmon, Pittsburgh, PA, for plaintiff in No. 3:92CV77–P.

William L. Rikard, Jr., Chris M. Kallianos, Parker Poe Adams & Bernstein, Charlotte, NC, for defendant in No. 3:92CV77–P

William L. Rikard, Jr., Chris M. Kallianos, Parker Poe Adams & Bernstein, Charlotte, NC, for plaintiff in No. C–C–91–428–P.

Steele B. Windle, III, John Paul Higgins, Johnston Taylor Allison & Hord, Charlotte, NC, Joseph A. Katarincic, Michael G. Bock, Katarincic and Salmon, Pittsburgh, PA, for defendant in No. C–C–91–428–P.

**ROBERT D. POTTER, District Judge.**

THIS MATTER is before the Court on Motion of Century Contractors, Inc. ("Century"), filed January 11, 1993, to Compel Discovery. Herdlein Technologies, Inc. ("Herdlein"), filed a response in opposition on January 25, 1993 which Century followed with a reply on February 9, 1993. Herdlein followed with the filing of the affidavit of Cole Oehler on February 16, 1993.

Century seeks to compel Herdlein to response to certain requests in Century's First Request for Production of Documents and to certain interrogatories in its First Set of Interrogatories. *See* Motion to Compel Discovery, Ex. B and D. The Court unfortunately believes that it must review these requests and interrogatories *seriatim.*

Initially, the Court will address Herdlein's objection to this motion to compel on the ground that Century's First Set of Interrogatories exceeds the pre-trial order's limit of twenty interrogatories. Herdlein clearly could have avoided much of the burden of responding to these interrogatories if it had moved the Court for a protective order prior to answering any of the interrogatories on this basis. Herdlein, however, did not object (to the Court) before responding to these interrogatories; Herdlein answered selective interrogatories and has now objected in response to the instant motion to compel.

The Court sets a limit on the number of interrogatories because responding to them is inherently expensive and burdensome. Each party, however, has a right under the Federal Rules of Civil Procedure to obtain some discovery via interrogatories. The responding party must object (to the Court) to the number of interrogatories before responding in order to rely on this rule. Otherwise the responding party could selectively respond to the interrogatories and thereby strategically omit the most prejudicial information. The Court must recognize that Century has a right to have interrogatories of its choosing answered fully and completely; therefore, if the Court were to allow Herdlein—the responding party—to answer cer-

tain interrogatories and then object that the total number of interrogatories exceeds the limit of twenty, the Court essentially would be allowing Herdlein to determine for itself what information to reveal. Accordingly, the Court will treat Herdlein's initial response as a waiver of the pre-trial order's limit on the number of interrogatories and will now examine the merit of Century's motion to compel.

According to Century's "Modified Summary of Assistance Requested of the Court," the instant motion addresses interrogatories 4–7, 8(k), 12, 13(a), and 14(d). Without specifically citing the First Request for Production, the Summary addresses requests for production 7 and 21 in connection with interrogatory 6.

Requests for production 7 and 21 pertain to the same subject matter as interrogatory 6. In pertinent part, interrogatory 6 reads:

> Identify and describe with specificity all costs and manhours estimated or projected to be incurred by HTI for its work on the Project (i.e., HTI's estimate or projection as of the March 28, 1991 award date of the Navy Contract)....

The related document requests, 7 and 21, seek bid documents including "work sheets, 'take-off' sheets" and "all documents related to Herdlein's preparation of ... bid price(s) for the Project." Herdlein's response to Interrogatory 6 states:

> The cost estimates that existed as of March 28, 1991, were produced for Century to review in June, 1992 in accordance with its document request. From those records, and in accordance with Rule 33(c) Century can as easily as HTI determine what those cost estimates were.

Although Rule 33(c) does allow a party responding to interrogatories to produce business records in lieu of answering "[w]here the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served," the rule requires that:

> A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party

served, the records from which the answer may be ascertained.

Fed.R.Civ.P. 33(c); *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 455 (W.D.N.C.1991) ("responding party has the duty to specify, by category and location, the records from which answers to interrogatories can be derived").

■ Rule 33(c) recognizes that discovery should not merely result in a transfer of information among the parties, but should also serve to organize the information and bind the responding party to its responses so that the interrogating party may use the response in a trial setting. *Life Music v. Broadcast Music*, 41 F.R.D. 16, 26 (S.D.N.Y. 1966) ("[T]he point of interrogatories is to obtain a party's admissions and contentions under oath and to narrow issues in the case."). When a party responding to interrogatories chooses to produce its business records in lieu of a conventional response, the responding party must specifically identify the document(s) from which the responding party may derive an answer.

■ In this case, Herdlein has not responded with the candor and specificity that the rules of discovery require; Herdlein has merely stated the information is available from documents that it has produced already pursuant to an unspecified document request. Accordingly, the Court will order Herdlein to answer interrogatory 6—and respond to the related document requests—or to specify the business records upon which Century should rely for an answer.

■ In interrogatory 6, Century also sought detailed actual costs. Herdlein responded by stating:

> With respect to the actual costs incurred by HTI [Herdlein], HTI has incurred costs in excess of $585,409.
>
> *       *       *       *       *       *
>
> It [Herdlein] paid two other third-parties the sum of $13,500 for various consulting services.

Herdlein's answer should have specified who the two parties were and how much it had paid each. Although Herdlein has identified the "two other third-parties", it has not indicated the respective costs associated with

each of the two third parties. The Court will order Herdlein to produced this information.

■ Interrogatory 4 requests that Herdlein:

Identify and describe with specificity all drawings, specifications, data, and calculations presented by Herdlein for approval or acceptance to Century or the Navy, including identification of all letter(s) or transmittal(s) which accompanied such representations. Also identify and describe with specificity all such drawings, specifications, data, and calculations which Herdlein contends have been approved or accepted by the Navy or Century along with the letter or other document which evidences such approval or acceptance.

In response to this interrogatory, Herdlein has responded separately to two relevant groups of documents. First, Herdlein partially responded to interrogatory 4 by identifying, "All Step I Submittals to the Navy." Century contends that Herdlein should be compelled to identify the specific documents to which it is referring. Herdlein argues that it should not be compelled to respond because "Century, not Herdlein, was the party responsible for making all Step I submittals to the Navy."

Herdlein's argument misses the mark. Herdlein is the party who choose to respond to this interrogatory with the vague response of "All Step I submittals to the Navy." It is irrelevant who actually made the Step I submittals; Herdlein's duty, as the responding party, is to respond fully and completely to the interrogatories. Herdlein's answer of "All Step I submittals" is obviously not responsive because Herdlein now contends that Century, not Herdlein, made the Step I submittals; the interrogatory, however, asks Herdlein to identify and describe information *presented by Herdlein* for approval or acceptance to Century or the Navy."

■ Second, Century seeks to compel Herdlein to identify documents that Herdlein identified in response to interrogatory 4 as,

Numerous schematic drawings and equipment listings prepared by Herdlein for the [project], dated 9/17/91 and identified as Exhibit 19–B at the Wright deposition (except for those specific drawings which were noted as being inadvertently omitted from that exhibit).

Herdlein here has chosen to respond by referencing a certain deposition exhibit and then excluding documents from that exhibit as noted in the body of the deposition itself. This answer contemplates Century combing the deposition to determine which documents are responsive to interrogatory 4. Although Herdlein may be correct in noting that Century should be able to identify the excluded documents because it also attended the deposition, Herdlein has the duty to respond fully and completely to each interrogatory. Herdlein's answer to this interrogatory indicates that it is aware of which documents were excluded in the deposition; therefore clarification of this response appears to be a nominal task that will impose almost no burden on Herdlein.

■ In interrogatory 5, Century seeks to have Herdlein identify all the contracts or subcontracts by which it procured "any material, equipment, labor, services or other items of work for the Project" and contract documents related thereto.[1] In response, Herdlein has stated that it had entered into several "oral agreements" and gave two examples of such agreements.

Once again, Herdlein's response is incomplete. When an interrogatory asks for "all" of anything, the responding party may not respond with examples. The responding party must object to the interrogatory as overly burdensome or answer it in full. Herdlein has neither objected to nor answered this interrogatory. Herdlein's cite to Rule 33(c) is obviously improper in this case as to oral contracts; Century has no way of deriving information as to oral contracts from documents that Herdlein may make available.

As to the written contracts, Herdlein has invoked Rule 33(c) improperly. As noted above, a responding party who relies on the

1. Century subsequently limited the interrogatory to contracts "whose contract value exceeded $1000 for services and $5000 for materials."

provisions of Rule 33(c) to produce business records in lieu of an express answer must specify in detail the records or documents from which the interrogating party may derive an answer to the interrogatory. *T.N. Taube Corp.*, 136 F.R.D. at 455. Herdlein should identify the records that are responsive to this interrogatory by including a specific written description of the relevant documents in the response or by attaching the relevant documents to the response. Accordingly, the Court will order Herdlein to respond fully and completely to interrogatory 5 as modified by Century (contract value exceeding $1000 for services or $5000 for materials).

■ Interrogatory 7 requested Herdlein to,

Identify and describe with specificity your [Herdlein's] understanding of HTI's schedule obligations for completing its work as of the April 22, 1991 date of the Purchase Order, the actual completion schedule achieved (if at all) by HTI, and the specific bases for any time extensions due HTI or reasons for HTI's failure to attain its initial schedule obligations on the Project.

Herdlein's response indicates that it completed its work "within the deadlines imposed by the Navy." Contrary to Herdlein's assertion (in its response to the instant motion) that it provided "a detailed description of [its] schedule of obligations," it never indicated what the deadlines were. The interrogatory clearly asks for Herdlein's "schedule obligations"; Herdlein's answer is therefore incomplete. The Court will order Herdlein to specify the deadlines to which it is referring and then to answer specifically the remainder of the interrogatory.

In this regard, when referring to reasons why it may not have met deadlines, if Herdlein alleges that Century impeded its progress, it should list exact and complete allegations of how Century impeded its progress. Answers that include the catch-phrase, "including, but not limited to," are not fully and completely responsive. Lastly, the Court notes that Herdlein's suggestion that Century should refer to deposition testimony for this information is improper; a responding party may not rely on a general reference to deposition testimony to avoid its duty to answer interrogatories fully and completely. *Life Music v. Broadcast Music*, 41 F.R.D. 16, 32 (S.D.N.Y.1966) (responding party's reference to depositions for "further information" held not responsive). Accordingly, the Court will order Herdlein to list the deadlines to which it is referring and to otherwise fully and completely respond to this interrogatory.

■ In interrogatory 8(k), Century requests that Herdlein identify, "all employees of [Herdlein] who are registered Professional Engineers or Registered Architects (including state(s) of such registration and professional registration numbers)." Herdlein initially responded by objecting on the grounds that the interrogatory "is not likely to lead to the discovery of admissible evidence." Herdlein now contends that it has provided this information in its supplemental response.

Herdlein's supplemental response, however, merely states, "Terry Ray is *a* professional engineer." Not only is this answer incomplete for failing to identify Terry Ray's state of registration and his registration number, but it is evasive, to-wit: by use of the article "a", Herdlein leaves open the possibility that other professional engineers work presently for Herdlein or have in the past worked for Herdlein. Moreover, Herdlein's initial objection based on relevancy is not well-founded because the underlying contract with the Navy required the use of professional engineers for certain tasks. Indeed, whether Herdlein employs any professional engineers may be relevant to whether the Court will ultimately dismiss Herdlein's state-law unfair trade practice claim. *See* Court's Order of February 11, 1993 (professional engineers are members of learned profession within meaning of unfair trade practice statutory exception that exempts professional services rendered by member of learned profession). Accordingly, the Court will order Herdlein to supplement this incomplete and evasive answer by listing all professionals engineers that it has employed along with the other requested information.

■ In interrogatory 12, Century seeks to determine factual underpinnings for Herdlein's Seventh Defense. In reference to

Herdlein's allegations that Century "ha[d] not satisfied all conditions precedent, and ... [had] actively [taken] steps to hinder or prohibit HTI from performing its work on the Project and attempted to deprive HTI of information necessary to its design and engineering work on the Project", Century seeks specific responses.

Herdlein has not provided specific responses, but, rather has made numerous references to unspecified, ambiguous events. Herdlein, for example, has cross-referenced the above-noted phase, "including, but not limited to" from its non-responsive answer to interrogatory 7. This phase simply has no place in interrogatory responses. Although a responding party has every right to supplement its answers as information becomes available to it, the use of this phrase indicates that the responding party is simply not bothering to respond fully or has decided to hold back certain information. Other than the reservation of the right to supplement responses with new information, a responding party should not use any language that indicates a reservation of rights. The Federal Rules contemplate candor in answering interrogatories; the Court expects candor.

Herdlein's general, indefinite responses abound in its response to interrogatory 12. Herdlein, for example, states, "At times, Century withheld pertinent information from Lockwood Greene and Century's consultants and vendors," and "Discovery has revealed that behind the scenes Century was making statements to the Navy that HTI was 'not doing the job'." The response should have indicated the "times" to which Herdlein was referring. In the second example, Herdlein's use of the phrase, "Discovery has revealed ..." indicates that it has more specific information in its possession, yet it has failed to provide any specific information. The remainder of Herdlein's response to this interrogatory resembles these examples. Such responses clearly are not full and complete and have no use to the interrogating party at trial as Rule 33 contemplates. The Court will order Herdlein to answer this interrogatory fully and completely.

Interrogatory 13 reads in pertinent part, "Identify and describe with specificity the specifications provided by HTI ... for the following portions of the Project: (a) filtering system for ultrasonic tanks." Herdlein's response stated,

Filtration system for ultrasonic tanks was inadvertently omitted, but when it was brought to the attention of HTI, HTI immediately obtained the appropriate information and was prepared to present it to Century and the Navy when Century violated its agreement with HTI.

Although this response is not as direct as it could be, the Court believes that it is responsive. As Century asked only for the specifications "*provided* by HTI [or other specified parties]" [2], Herdlein's answer admits that it never provided such specifications. Because Century did not ask for specifications that were not provided to someone, Herdlein was within its rights in not responding with any specifications for the filtering system for the ultrasonic tanks.

Interrogatory 14 requests that Herdlein, "Identify and describe with specificity the calculations provided by HTI ... to support the following elements of the engineering/design work for the Project: ... (d) Process ventilation duct designs." Herdlein's response states,

The drawings produced with respect to the process ventilation duct designs conform to the RFTP as approved in Step I. Accordingly, the calculations were done during Step I and were approved when Step I was approved.

Herdlein seems to argue, in its response to the instant motion, that Century can just as easily obtain the calculations from the technical proposal—the RFTP—as can Herdlein. If this argument represents Herdlein's attempt to make an after-the-fact Rule 33(a) specification of documents in lieu of answering the interrogatory, Herdlein's invocation of the rule is clearly improper. As noted above, Rule 33(c) requires the responding party to specify the records from which the

2. Apparently, Century means specifications that Herdlein provided to Century or directly to the Navy.

interrogating party can derive an answer to its interrogatory. *T.N. Taube Corp. v. Marine Midland Mortgage Corp.*, 136 F.R.D. 449, 455 (W.D.N.C.1991). As Herdlein admits in its response to this motion that the document in which the calculations are contained is "voluminous," it is apparent that Herdlein has not properly invoked Rule 33(c). Herdlein should be more familiar with its own calculations, and, thus, should be able to locate them more easily than Century. The Court will order Herdlein to either identify and describe the requested calculations, *e.g.*, by page number, make a proper Rule 33(c) response or acknowledge that it made no such calculations.

█ Century has moved the Court to allow its reasonable costs and expenses, including attorney's fees, in prosecuting the instant motion to compel. Rule 37 provides in pertinent part:

> If the motion [to compel] is granted, the court shall, after opportunity for hearing, require the party ... whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4). The decision to grant expenses is within the sound discretion of the district court. *T.N. Taube*, 136 F.R.D. at 457 (citation omitted). As the Rule expressly requires the Court to hold a hearing, the Court will order that the parties appear on March 8, 1993 at 9:30 a.m. for a hearing to determine whether an award of costs and expenses to Century—either from Herdlein or its attorneys—is appropriate and, if so, to determine what Century's reasonable costs and expenses in prosecuting the motion to compel were.

NOW, THEREFORE, IT IS ORDERED that Century's Motion to Compel be, and hereby is, DENIED as to Interrogatory 13(a) and is otherwise GRANTED as detailed above.

IT IS FURTHER ORDERED that the parties appear on March 8, 1993 at 11:30 a.m.

for a hearing to determine whether to impose costs on Herdlein and/or its attorneys.